```
                                              FILED
                                        U.S. DISTRICT COURT
                                           SAVANNAH DIV.
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA        2006 JUL 31  PM 3: 27
DUBLIN DIVISION

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| **DELROY BENNETT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV 306-43 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Bennet, an inmate at McRae Correctional Facility, brings this pro se habeas petition pursuant to 28 U.S.C. §2241. Plaintiff has moved to proceed in forma pauperis, and the matter is now before this Court for initial screening. The Magistrate Judge recommends that the instant petition be dismissed for lack of jurisdiction because Plaintiff has failed to exhaust his administrative remedies. After a careful, de novo review of the file, this Court concurs with the Magistrate Judge's Report and Recommendation, to which no objection has been filed.

Prisoners seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). In the current case, Petitioner has failed to exhaust administrative remedies available to him through McRae Correctional Facility's grievance procedure. Although Petitioner has alleged that the grievance procedure would be futile, he has failed to explain why administrative review would prove futile or that his case involves

extraordinary circumstances. Jaimes v. U.S., 168 Fed.Appx. 356, 359 (11th Cir. 2006).

The exhaustion requirement in § 2241 cases is jurisdictional, so this Court must dismiss Plaintiff's petitioner for failure to exhaust administrative remedy. See id. (stating "where a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional"). Because this Court has no jurisdiction, this Court declines to consider the merits of Petitioner's underlying claim.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's case is **DISMISSED** for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** as moot (Doc. 2). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED.**

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2006